## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JIMMY W. LEACH, JR.,**
**No. B-85974,**

**Petitioner,**

     **v.**                     **Case No. 17-cv-421-DRH**

**DONALD R. JONES,**
**and CHET SHAFFER,**

**Respondents.**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, a pre-trial detainee who is currently incarcerated in the Franklin County Jail ("the Jail"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition, the Court concludes that this action is subject to dismissal.

**The Petition**

Petitioner notes that he is being held as a result of criminal charges filed against him in Franklin County Case No. 16-CF-109. He has not yet been tried, convicted or sentenced. (Doc. 1, pp. 1-2). He submitted the instant Petition on April 19, 2017. (Doc. 1, p. 18).

Petitioner raises several matters as potential grounds for his request to be released from custody. He references a civil rights action he filed in this Court, Case No. 16-cv-1298-SMY, and notes that shortly after he was arrested on March 18, 2016, he was denied medications and had seizures that led to his hospitalization for 9 days after Shaffer refused to treat him.[1] (Doc. 1, p. 6). On March 25, 2016, while still in the hospital, Petitioner was given an "OR Bond." *Id.* After he regained consciousness, Petitioner was arrested again on March 29, 2016. The recognizance bond was revoked and he was given a $100,000 bond. He claims that the State's Attorney took the OR Bond away without a hearing. Petitioner's public defender took no action regarding the recognizance bond revocation.[2] Petitioner asserts that these events violated his right to a bond. *Id.*

Petitioner delineates 4 grounds in support of his request for release, some of which have multiple parts. For the matter labeled as "Ground One," Petitioner claims that he was not allowed to appear in court in person for his arraignment, but instead was required to participate by closed circuit television/video

---

[1] This denial/delay of medical treatment is the subject of Petitioner's pending action in this Court, *Leach v. Shaffer, et al.*, Case No. 16-cv-634-JPG-RJD.

[2] Petitioner raised the bond matter along with other claims in Case No. 16-cv-1298-SMY, captioned *Leach v. Owens, et al.* That action, in which Petitioner sought both release from custody and money damages, was dismissed on February 21, 2017. (Doc. 10 in Case No. 16-1298).

conference without his consent, in violation of the Illinois Constitution. (Doc. 1, p. 8). In Ground Two, he says that the Jail has failed to post a "Notice of Rights" to advise him of rights of the accused pursuant to 725 ILCS 5/103-7, and Shaffer has refused to provide him with religious materials or services. (Doc. 1, p. 10). Ground Three includes claims that Petitioner has not been allowed to send legal mail out of the Jail or obtain copies of legal materials unless he has funds to cover the cost; he has been denied the right to stay in contact with his public defender by phone; and the trial judge refused to assign him a new public defender despite his assertion of a conflict of interest. (Doc. 1, p. 12). In Ground Four, Petitioner asserts that his due process rights were violated because he was denied a preliminary hearing within 30 days of his arrest, and was indicted by a grand jury without first waiving his rights to a preliminary examination, in violation of 725 ILCS 5/111-2. (Doc. 1, p. 14). In each case, Petitioner states that he has raised his concerns either to jail officials, his public defender or the trial court, but has not presented the issues in a state court petition for habeas corpus. (Doc. 1, pp. 8, 10, 12, 14).

## Pending Motion

Also before the Court is Petitioner's Motion to Submit Ground #5 (Doc. 7), filed June 2, 2017. In this motion, Petitioner seeks to add several more matters as grounds for habeas relief: The Jail subjects him to video surveillance in his cell around the clock, which includes monitoring by female officers; he has been denied permission for time out of his cell; the Jail's disciplinary/grievance process

is faulty and Shaffer took away his telephone privileges without a hearing; he was not allowed to communicate with the attorney who represents him in a civil suit; he was assaulted by Jail officers, and he was told he could not send out legal mail unless officers inspected it first. (Doc. 7, pp. 1-2).

This motion shall be denied, because all of the matters Petitioner seeks to add to this action relate to conditions of his confinement at the Jail. None of these issues provide grounds for release from custody in a habeas corpus action.

## Discussion

As stated above, Petitioner brings this action under the umbrella of habeas corpus law. 28 U.S.C. § 2254. Typically, the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). Release from custody is indeed what Petitioner seeks herein. However, this Court must look beyond that request for relief, to independently evaluate the substance of Petitioner's claims and determine whether the correct statute – in this case 28 U.S.C. § 2254 – is being invoked. *Preiser*, 411 U.S. at 500 (dismissing § 1983 civil rights claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked).

If a prisoner is challenging the conditions of his confinement, rather than

the fact of confinement, then his remedy is under civil rights law – not habeas corpus. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). The federal habeas corpus statute cannot be used to challenge conditions of confinement. *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576,579 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607,617 (7th Cir. 2000); *Pischke*, 178 F.3d at 500; *Graham*, 922 F.2d at 381.

The instant Petition presents a "hybrid" of some claims that belong in a § 1983 civil rights action, and other claims that address procedural irregularities in Petitioner's criminal prosecution. Some of the alleged violations connected to the prosecution could provide grounds cognizable in a habeas corpus action under 28 U.S.C. § 2254. *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (per curiam).

The following grounds fall squarely into the category of § 1983 civil rights claims, because they focus on allegedly unconstitutional conditions of confinement: The Jail's failure to provide Petitioner with religious materials or services; the failure to post a "notice of rights" in the cellblock; the Jail's refusal to send outgoing legal mail or provide Petitioner with copies of legal materials; the Jail's obstruction of his ability to communicate with his public defender by telephone; and the denial of medical care. The final item on this list is already the subject of a pending civil rights case brought by Petitioner (Case No. 16-cv-634-JPG-RJD), thus it shall not be addressed further herein. Additionally, each issue

that Petitioner includes in his proposed Ground 5 (Doc. 7) relates only to the conditions of confinement at the Jail. Nothing in the proposed Ground 5 amounts to a challenge to the fact of Petitioner's confinement. None of these complaints regarding the Jail conditions would entitle Petitioner to be released from custody, even if he were to prove that the conditions violated his constitutional rights. If he wishes to pursue these claims further, he must bring them in a civil rights action under 42 U.S.C. §1983. That being said, the Court makes no comment on the potential merits of these claims.

The remaining grounds seek to challenge the validity of some aspect of Petitioner's criminal prosecution: The denial/revocation of the recognizance bond; the arraignment by closed circuit television; the trial court's refusal to assign Petitioner a new public defender despite the alleged conflict of interest; and the court's failure to hold a preliminary hearing and instead submitting the matter to a grand jury. Two significant problems exist with relation to these grounds, however, which lead the Court to conclude that habeas relief cannot be granted at this juncture.

First, it is clear from the Petition that none of the potential grounds for habeas relief has yet been presented to the Illinois state courts for resolution. As the Court advised Petitioner in the order dismissing his recent civil rights case, *Leach v. Owens, et al.*, No. 16-cv-1298-SMY, before he may maintain a habeas corpus claim in federal court, Petitioner must first exhaust his state court remedies on these matters. (Doc. 10, p. 4, in No. 16-1298). Ordinarily, this will

involve raising every issue in the trial court, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). The Petition shows that no state habeas petition or any other action or motion has been filed in state court to raise any of the claims included in this action, let alone to pursue the matters on appeal. Some of these issues may be reviewable during the pendency of the criminal prosecution, and may also be potential grounds for relief if Petitioner is eventually convicted of the criminal charges he now faces. However, until Petitioner has given the state courts the opportunity to consider the grounds he raises herein, a federal habeas corpus action under § 2254 is premature.

Secondly, under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings unless "special circumstances" exist. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Such special circumstances are generally limited to issues of double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573. In fact, federal courts are required to abstain from interference in ongoing state proceedings when those proceedings are "(1) judicial in nature, (2) implicate important state interests, and

(3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432, 436-37 and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

In the case at bar, the *Younger* abstention doctrine is implicated because the ongoing proceeding in Franklin County Case No. 16-CF-109 is judicial in nature and involves the important state interest of adjudicating violations of state criminal laws. Further, there is no indication that the state proceedings would not provide Petitioner with an adequate opportunity for review of the potential constitutional claims he raises. Finally, no extraordinary circumstances are apparent which require federal intervention at this stage. The issue of bond, for example, is one that may be revisited by the trial court during the pendency of the criminal case.

Because *Younger* directs that this Court must abstain from taking any action on the instant habeas Petition while the state court prosecution is still pending, the merits of the grounds for potential habeas relief shall not be evaluated herein. *See Greening v. Moran*, 953 F.2d 301, 304 (7th Cir. 1992) (holding that "it is not appropriate to address the merits in a case to which *Younger* applies" because "[t]o say that abstention is in order . . . is to say that federal courts should not address the merits, period"). The Petition shall be dismissed without prejudice to the claims being refiled, if necessary, after the

conclusion of the state criminal proceedings, and after Petitioner has fully exhausted the claims in the state courts.

## Disposition

To summarize, Petitioner's civil rights/conditions of confinement claims must be brought, if at all, in an action pursuant to 42 U.S.C. § 1983. The claims related to Petitioner's ongoing criminal prosecution cannot be addressed at this time, because the Court must abstain from taking action under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly, the Motion to Submit Ground #5 (Doc. 7) is **DENIED**. The Petition is summarily **DISMISSED** without prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e)

motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Should Petitioner desire to appeal this Court's ruling dismissing his habeas petition, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1); *Evans v. Circuit Court of Cook Co.*, 569 F.3d 665 (7th Cir. 2009) (certificate of appealability is required for state prisoner in pre-trial custody whose detention arose from a state court order). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that the Petition for habeas relief cannot be entertained at this time because Petitioner's state criminal prosecution is still ongoing. Furthermore, the Court finds no basis for a

determination that its decision is debatable or incorrect.  Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 18th day of June, 2017.

Judge Herndon
2017.06.18
12:02:38 -05'00'

**UNITED STATES DISTRICT JUDGE**